UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-40245-GAO

COY PHELPS,
Plaintiff,

v.

CHRISTOPHER CARR and T. SMITH,
Defendants.

<u>OPINION AND ORDER</u>
September 30, 2010

O'TOOLE, D.J.

**I.    Background**

The plaintiff, Coy Phelps, is confined at the Federal Medical Center Devens, in Ayer, Massachusetts ("FMC Devens"). In 1986, he was found not guilty only by reason of insanity in the United States District Court for the Northern District of California on charges of possessing, manufacturing, and placing pipe bombs at five San Francisco locations, in violation of 26 U.S.C. § 5861(d) and (f), and 18 U.S.C. § 844(f) and (i). Subsequently, Phelps was civilly committed to the custody of the Attorney General following a hearing pursuant to 18 U.S.C. §§ 4243 and 4247. Since that time, Phelps has been housed at and transferred between the FMCs in Springfield, Missouri; Rochester, Minnesota; and Butner, North Carolina, until his most recent transfer to FMC Devens in November, 2004.

Phelps filed the complaint in this action on September 13, 2007. On this Court's reading of the complaint, Phelps purports to state several claims under <u>Bivens</u> and under various federal statutes against the defendants. See <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). The defendants, as stated in the complaint, are FMC Devens

Warden Carolyn Sabol, FMC Devens employees Christopher Carr, Thomas Smith, Ivonne Benet Rivera, and other unnamed FMC Devens employees. Each was named in both their official and individual capacities. The defendants moved to dismiss the complaint, which resulted in an order from this Court dated March 31, 2009 that dismissed all claims as to all defendants except claims against defendants Carr and Smith that allege violations of the Due Process Clause of the Fifth Amendment, the First Amendment, 42 U.S.C. § 1985(2), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. § 701 et seq., and Phelps's right of access to the courts. The order also directed the defendants to file an answer to the complaint, which the defendants did. After filing their answer, the defendants filed a motion for leave to file a second motion to dismiss on the grounds that the Supreme Court had recently decided Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937 (2009), which specified a heightened pleading standard. The Court granted the defendants leave to file a second motion to dismiss on November 10, 2009. This second motion seeks to dismiss the remaining claims.

## II.   Motion to Dismiss

Phelps alleges that defendants Carr, Smith, and other unnamed officers conspired to harass and torment him, both generally and specifically during a period in disciplinary segregation following an incident on June 21, 2007, involving a non-violent confrontation with another inmate. Phelps alleges, among other things, that the defendants repeatedly put his cell lights on to cause him pain, knowing that his eyes were sensitive to it after surgery, and intentionally mocked him to provoke angina attacks. Phelps alleges that the aim of this conspiracy was to kill him in retaliation for his filing lawsuits against defendant Carr and other FMC Devens staff and because of their disagreement with Phelps's religious beliefs.

### A. First and Fifth Amendment Claims

The defendants correctly point out in their brief that Phelps does not sufficiently plead facts to support a claim of religious discrimination. In his twenty-one page complaint, Phelps alleges twice that his mistreatment was motivated by religious discrimination, though he does not support these conclusions with any factual assertions. Although the factual allegations must be taken as true for the purposes of a motion to dismiss, the court is not bound to accept legal conclusions couched as factual allegations. Iqbal, 129 S. Ct. at 1949-50 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950. A complaint will not suffice if it tenders naked assertions devoid of further factual enhancement. Id. at 1949.

However, Phelps does sufficiently plead a Bivens claim against defendants Carr and Smith on two theories: first, that the mistreatment itself, separate from any discriminatory motivation, was a violation of the Due Process Clause of the Fifth Amendment; and second, that the mistreatment violated the First Amendment because it was allegedly done in retaliation for previously filing lawsuits against FMC-Devens employees. Smith and Carr are not entitled to qualified immunity as to these claims, which allege violations of clearly established constitutional rights of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 809 (1982).

### B. Section 1985 Conspiracy Claim

In their second motion to dismiss, the defendants argue Phelps has not sufficiently pled all the elements of a claim under Section 1985(2). To successfully bring a claim under Section 1985(2), the defendants argue that Phelps must allege (1) the existence of a conspiracy by the defendants (2) to injure a party's person or property (3) because he attended or testified in a

federal court, (4) resulting in actual injury or damages to the plaintiff. See Portman v. Cnty. of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993). Without analysis or explanation, the defendants assert that Phelps has not alleged several of the elements of a Section 1985 claim, but do not suggest which particular elements are lacking.

Phelps does in fact sufficiently plead each of the above elements. He alleges that he has filed federal civil rights complaints against defendant Carr and other FMC Devens employees. He alleges that while in disciplinary segregation, Smith and another officer taunted Phelps intending to cause him to suffer an angina attack, withheld food from him, and tormented him with the lights. He also alleges that when defendant Smith's shift ended, defendant Carr continued the harassment, along with other officers, and provoked him into having a heart attack. Phelps also alleges that he was told by a nurse that she was afraid to turn his lights off because Carr had threatened her and ordered her to leave them on. Under Ninth Circuit jurisprudence, Phelps has sufficiently alleged a conspiracy as to Smith and Carr, contrary to the assertions of the government.

### C. Access to the Courts

Phelps alleges that he filed an emergency motion to an unspecified court seeking a restraining order, and that it was either destroyed by the guards or ignored by the court. The defendants argue that Phelps has not pled this claim sufficiently. In Christopher v. Harbury, 536 U.S. 403 (2002), the Supreme Court identified three elements involved in a backward-looking denial of access claim like the one Phelps seeks to bring. First, the allegations of the complaint must identify a "nonfrivolous" and "arguable" underlying claim that the plaintiff would have brought were it not for the alleged denial of access. Id. at 415. Second, the complaint must describe the official acts that denied access. Id. Third, the complaint must identify a remedy that

may be awarded that is unique to the denial of access claim, i.e., the remedy must be otherwise unavailable in any future suit. Id; see also McIntyre v. United States, 336 F. Supp. 2d 87, 133 (D. Mass 2004).

As the defendants correctly point out in their brief, Phelps fails to establish that the emergency motion for a restraining order was non-frivolous, and does not assert any facts with respect to the official acts that frustrated his litigation. Lastly and most clearly, Phelps does not specify an otherwise unavailable remedy. Consequently, Phelps's claim that he was denied access to the courts should be dismissed.

### D.     ADA and Rehab Act Claims

As a threshold matter, Phelps's claim under the ADA must be dismissed because he is suing employees of a federal prison. The ADA applies only to state and local governments, and private employers with over fifteen employees. Feliciano-Hill v. Principi, 439 F.3d 18, 22 n.1 (1st Cir. 2006) (citing Calero-Cerezo v. U.S. Dept. of Justice, 355 F.3d 6, 19 (1st Cir. 2004)). However, since the ADA incorporates by reference the enforcement scheme found in the Rehab Act, the case law concerning ADA claims pertains equally to claims under the Rehab Act. Calero-Cerezo, 355 F.3d at 19.

To successfully bring a claim under the Rehab Act, Phelps must establish that he is a qualified individual with a disability, that he was denied the benefit of the prison's services or otherwise discriminated against, and that the denial or discrimination was by reason of his disability. Parker v. Universidad de P.R., 225 F.3d 1, 5 (1st Cir. 2000). The complaint refers to the Rehab Act only once, alleging that the defendants violated the Rehab Act by refusing to accommodate Phelps's needs and for causing Phelps to suffer mental deterioration through abuse, mistreatment, and harassment. In the complaint, Phelps alleges that he is disabled

generally, refers to his use of an invalid walker, and asserts that surgery has left his eyes extremely sensitive. In addition to his status as a mentally-ill committee, these facts may be sufficient to establish that Phelps is disabled for the purposes of the Rehab Act. However, even assuming *arguendo* that Phelps is disabled, he does not allege any facts that demonstrate that he was denied the benefit of any prison services or that he was discriminated against on account of his disability. As such, Phelps's claim under the Rehab Act should also be dismissed.

### III.    Conclusion

For the foregoing reasons, the defendants' Second Motion to Dismiss (dkt. no. 30) is GRANTED in PART and DENIED in PART. All remaining claims are dismissed except for claims that the defendants' alleged actions violated the Due Process Clause of the Fifth Amendment, the First Amendment, and 42 U.S.C. § 1985(2).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge